344

Rockingham,
Apr. 26, 1952. } No. 4105.

EUDORE L. COUTURE *v.* DALE T. WOODWORTH.

MADINE COUTURE *v.* SAME.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey (Mr. Mullavey* orally), for the plaintiffs.

*Hughes & Burns* and *Donald R. Bryant (Mr. Bryant* orally), for the defendant.

KENISON, J. This is a close case. In considering whether the defendant's motions for a nonsuit and a directed verdict should have been granted, we must follow the well established rule that the evidence is to be construed most favorably to the plaintiff. *Leonard* v. *Manchester,* 96 N. H. 115, 117; *Shimkus* v. *Caesar,* 95 N. H. 286, 287; *Employers Assurance Co.* v. *Sweatt,* 95 N. H. 31, 34. There is evidence in the case, aside from the testimony of the plaintiffs, that the defendant's car was partially or completely on the cement highway when it could have been parked on the shoulder of the road off the cement highway. This was testimony that the jury were entitled to believe and it cannot be ignored in considering the defendant's motions for a nonsuit and directed verdict. *Laflamme* v. *Lewis,* 89 N. H. 69; *Putnam* v. *Bowman,* 89 N. H. 200. While some of the defendant's evidence regarding brake and wheel marks and the inferences drawn therefrom considerably weakens the plaintiffs' testimony, there was other evidence sufficient to support their claim that the accident happened on the cement highway instead of on the shoulder of the road as testified to by the defendant's witnesses. The conflicting evidence in this case on the issue of defendant's negligence presented questions of fact for the jury under the rules laid down in the case of *Sweeney* v. *Willette,* 97 N. H. 330. See anno. 21 A. L. R. (2d) 95.

It is urged that the evidence establishes that the driver of the plaintiff's car was negligent as a matter of law. *Fine* v. *Parella,* 92 N. H. 81; *Tufts* v. *White,* 92 N. H. 158. The driver of the plaintiff's car is not held to complete exactness with respect to his testimony

of speed and distance, nor is the defendant's estimate of the plaintiff's speed to be taken as true in view of the conflicting evidence. *Ross* v. *Burnham,* 91 N. H. 80, 82; *MacKelvie* v. *Rice,* 92 N. H. 465; *Colby* v. *Avery,* 93 N. H. 250, 252. "The plaintiff did not drive recklessly into a wholly blind situation as was the case in the authorities cited by the defendant." *Connors* v. *Turgeon,* 96 N. H. 479, 481. It could be found from the evidence that the driver of the plaintiff's car exercised some care which precludes a ruling that he was contributorily negligent as a matter of law. *Holt* v. *Grimard,* 94 N. H. 255, 257; *Hill* v. *Company,* 96 N. H. 14. While the conflicting evidence as to the effectiveness of the plaintiff's lookout and the reasonableness of his speed permit a finding of contributory negligence, it is not one that is required as a matter of law. The evidence was sufficient to warrant the submission of the plaintiff's contributory negligence to the jury and the order is

*Exceptions overruled.*

All concurred.